UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE L AMEY,

    Plaintiff,

v.                                                          Case No.:  8:19-cv-1207-T-33MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed an Unopposed Motion for Award of Attorney's Fees and Costs/Expenses Pursuant to Equal Access to Justice Act, 28 U.S.C. §2412, and Memorandum in Support on August 24, 2020.  (Doc. 23).  Plaintiff states that the Commissioner does not object to the relief requested.  (*Id.* at 2).  The matter was referred to the Undersigned for a Report and Recommendation.  Because the relief requested is not contested or opposed, (*see* Doc. 23 at 2), the Undersigned deems this matter to be ripe for consideration before the response period prescribed by M.D. Fla. R. 3.01(b) expires.  For the reasons below, the Undersigned respectfully recommends that the presiding United States District Judge **GRANT** the Unopposed Motion for Award of Attorney's Fees and Costs/Expenses Pursuant to Equal Access to Justice Act, 28 U.S.C. §2412, and Memorandum in Support (Doc. 23).

## PROCEDURAL BACKGROUND

On May 26, 2020, the Court entered an Order reversing and remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g) for the Commissioner to: "reassess Amey's residual functional capacity (RFC) relating to Amey's mental health conditions and

physical limitations." (Doc. 21 at 2). Thereafter, on August 24, 2020, Plaintiff filed the request *sub judice* seeking an award of $7,455.00 in attorney's fees, an award of $400.00 in costs, and an award of $53.90 in expenses for service on the parties, all under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 23 at 1).

The Undersigned evaluates Plaintiff's request for fees, costs, and expenses under the appropriate legal standards below.

## ANALYSIS

Plaintiff must meet five (5) conditions to receive an award of fees under the EAJA: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Moreover, the Court must determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The Court must also determine whether payment should be made to Plaintiff's counsel or to Plaintiff directly after the United States Department of Treasury determines whether Plaintiff owes any federal debt. *See Astrue v. Ratliff*, 560 U.S. 586, 588 (2010). Additionally, the Court must determine whether costs may be awarded to Plaintiff under 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920. Finally, the Court must determine whether expenses may be awarded to Plaintiff under 28 U.S.C. § 2412.

### A. Plaintiff's Request Is Timely.

A fee application must be filed within thirty (30) days of the final judgment and this requirement is jurisdictional in nature. *See* 28 U.S.C. § 2412(d)(1)(B). A final judgment is a judgment that is no longer appealable, and a party has sixty (60) days from the date of the entry of judgment to file an appeal. Fed. R. App. P. 4(a); *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). Therefore, Plaintiff has ninety (90) days from the date of the entry of final judgment to file an application for EAJA fees. Fed. R. App. P. 4(a); *Myers*, 916 F.2d at 672.

In this case, the Clerk of Court entered a final judgment on May 27, 2020, (Doc. 22), and Plaintiff filed the Unopposed Motion for Award of Attorney's Fees and Costs/Expenses Pursuant to Equal Access to Justice Act, 28 U.S.C. §2412, and Memorandum in Support less than ninety (90) days later on August 24, 2020, (Doc. 23). Therefore, the Undersigned finds that Plaintiff timely filed the Unopposed Motion for Award of Attorney's Fees and Costs/Expenses Pursuant to Equal Access to Justice Act, 28 U.S.C. §2412, and Memorandum in Support (*Id.*). *See Myers*, 916 F.2d at 672.

### B. Plaintiff Meets All Other Requirements Under the EAJA.

The Commissioner does not contest that Plaintiff meets the remaining requirements under the EAJA. (Doc. 23 at 2). Upon consideration of the record and the representations in the Unopposed Motion for Award of Attorney's Fees and Costs/Expenses Pursuant to Equal Access to Justice Act, 28 U.S.C. §2412, and Memorandum in Support and supporting materials (Docs. 23, 24, 24-1, 24-2, 25), the Undersigned finds that all other requirements under the EAJA for a fee award are met. *See* 28 U.S.C. § 2412(d); *Jean*, 496 U.S. at 158.

### C. The Hours Expended, the Hourly Rate Requested, and the Resulting Fees Requested Are All Reasonable.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

Moreover, EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determining the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel states that counsel expended 42.6 hours in this case. (*See* Doc. 24 at 4). Further, Plaintiff's counsel requests the hourly rate of $175 per hour. (*Id.*). After a careful review, the Undersigned finds that the number of hours expended is reasonable and that the hourly rate requested is reasonable, customary, and appropriate under controlling law. Plaintiff seeks a total fee award in the amount of $7,455.00, calculated as follows: 42.6 hours x $175.00 = $7,455.00. (*See id.*). The Undersigned adopts and approves these calculations, finds that the resulting fees are reasonable, and recommends that attorney's fees be awarded to Plaintiff in the amount of $7,455.00, as requested.

4

### D. Payment Should Be Made to Plaintiff's Counsel.

Plaintiff also filed an executed Assignment of EAJA Fee. (Doc. 25 at 1-2). This assignment states in relevant part:

> 3. I hereby assign any entitlement that I may have to a fee and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412, to my attorney, **Enrique Escarraz, III, Esquire**. In light of this assignment, Commissioner will determine whether I owe a debt to the government. If the U.S. Department of the Treasury determines that I do not owe a federal debt, the government should accept my assignment of EAJA fees and pay fees directly to my attorney. I acknowledge that the costs and fees compensate my attorney for representing me before the United States District Court. Therefore, I ask that the EAJA award be made payable to **Enrique Escarraz, III, Esquire** and not to me as Plaintiff.
>
> 4. WHEREFORE, I assign any right or interest I may have in the award of an EAJA fee and understand that the EAJA award shall be paid to my attorney, **Enrique Escarraz, III, Esquire,** to compensate counsel for the work performed on this case in the U.S. District Court.

(*Id.* at 1-2) (emphasis in original). Consistent with this executed assignment, the Undersigned recommends that the Court allow the fees to be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed.

### E. Plaintiff Is Also Entitled to an Award of Costs.

Next, Plaintiff also requests $400.00 in costs for "the filing fee in filing this action with the Clerk." (*See* Doc. 23 at 8). Under 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, the prevailing party may recover this cost. Therefore, the Undersigned also recommends awarding $400.00 in costs to Plaintiff.

### F. Plaintiff Is Also Entitled to an Award of Expenses

Finally, Plaintiff also requests $53.90 in expenses "for service on the parties." (*See* Doc. 23 at 2). Under 28 U.S.C. § 2412(d)(1)(A), a court shall award the prevailing party "fees and

other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)1(A). Finding that the requirements of the statute are satisfied and because the Commissioner does not oppose an award of exepenses, the Undersigned recommends awarding $53.90 in expenses to Plaintiff.

## CONCLUSION

For the reasons above, the Undersigned **RESPECTFULLY RECOMMENDEDS** the following:

1. That the Unopposed Motion for Award of Attorney's Fees and Costs/Expenses Pursuant to Equal Access to Justice Act, 28 U.S.C. §2412, and Memorandum in Support (Doc. 23) be **GRANTED** as set forth below.

2. That the Court award Plaintiff $7,455.00 in attorney's fees.

3. That the Court also award Plaintiff $400.00 in costs.

4. That the Court also award Plaintiff $53.90 in expenses.

5. That these fees, costs, and expenses be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed.

6. That the Court direct the Clerk of Court to enter an amended judgment accordingly.

Respectfully recommended in Chambers in Ft. Myers, Florida on September 10, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties